COURT OF CHANCERY
OF THE
STATE OF DELAWARE

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: February 27, 2024
Date Decided: March 27, 2024

Kevin M. Gallagher, Esquire
Andrew L. Milam, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

Lisa M. Zwally, Esquire
Greenberg Traurig, LLP
222 Delaware Avenue
Suite 1600
Wilmington, Delaware 19801

RE:  *Wright et al. v. Silver Creek Pharmaceuticals, Inc.*,
      C.A. No. 2023-1044-LWW

Dear Counsel:

This action is brought by stockholders of Silver Creek Pharmaceuticals, Inc.,
who seek to compel an annual meeting under 8 *Del. C.* § 211.  Silver Creek insists
that I should reject the plaintiffs' request because it acted by written consent in lieu
of a meeting.  For the reasons discussed in this letter opinion, the written consent is
insufficient.  The matter is resolved in favor of the plaintiffs insofar as Silver Creek
must promptly hold an annual meeting.

I.    BACKGROUND

The following background is drawn from the undisputed facts in the
pleadings and evidence presented by the parties.

Defendant Silver Creek Pharmaceuticals, Inc. (the "Company") is a
Delaware corporation with its principal place of business in San Francisco,

California.[1]   Plaintiffs Suzanne Wright and The Wesley Hefni 2011 Irrevocable Trust are Silver Creek stockholders.[2]

According to Article II, Section 2.2 of Silver Creek's bylaws:

Annual meetings of stockholders, commencing within the year 2010, shall be held at such date and time as shall be designated from time to time by the Board of Directors and stated in the notice of the meeting, at which they shall elect by a plurality vote a Board of Directors, and transact such other business as may properly be brought before the meeting.[3]

Section 2.3 of Article III requires that "written notice of any stockholder meeting . . . be given to each stockholder entitled to vote at such meeting not fewer than ten (10) nor more than sixty (60) days before the date of the meeting."[4]

Silver Creek has not held an annual meeting "in the last 13 months, if not significantly longer."[5]  On October 17, 2023, the plaintiffs filed a complaint asking the court to direct Silver Creek to hold an annual meeting for the election of its

---

[1] Verified Compl. Pursuant to 8 *Del. C.* § 211 (Dkt. 1) ("Compl.") ¶ 4; Answer to Verified Am. Comp. (Dkt. 10) ("Answer") ¶ 4.

[2] Compl. ¶¶ 2, 3; Answer ¶¶ 2, 3.

[3] Compl. ¶ 6; Answer ¶ 6.

[4] Compl. ¶ 6; Answer ¶ 6.

[5] Compl. ¶ 7; Answer ¶ 7.

directors and any other board vacancies pursuant to 8 *Del. C.* § 211(c).[6]   On

November 6, Silver Creek answered the complaint.[7]

On December 8, the plaintiffs filed a motion for judgment on the pleadings.[8]

Silver Creek filed a response contending that this action was mooted by a

purported stockholder written consent.[9]   According to Silver Creek, it obtained

consents from over 70% of its stockholders to elect directors in lieu of holding an

annual meeting.[10]   In their reply, the plaintiffs argued that the purported written

consent did not moot their motion.[11]

As I explained at oral argument on January 3, 2024, the parties' submissions

caused a procedural quandary.[12]   Silver Creek's opposition to the plaintiffs' motion

relied on an unsigned version of a stockholder written consent that was outside the

pleadings.   Yet if Silver Creek had—as it insisted—properly acted by written

consent pursuant to Section 211(b), it would be needless to order it to hold an

annual meeting.   I therefore asked that Silver Creek produce materials supporting

---

[6] *See* Compl. ¶ 13.

[7] Dkt. 10.

[8] Pls.' Mot. for J. on the Pleadings (Dkt. 12).

[9] Def.'s Response to Pls.' Mot. for J. on the Pleadings (Dkt. 16) ("Def.'s Response").

[10] *Id.* ¶ 12.

[11] Pls.' Reply in Further Supp. of their Mot. for J. on the Pleadings (Dkt. 20) ("Pls.' Reply") ¶ 9.

[12] *See* Trans. of Jan. 3, 2024 Oral Arg. on Pls.' Mot. for J. on the Pleadings (Dkt. 34).

its assertion that the action taken by written consent in lieu of an annual meeting satisfied the statute.

On January 10, Silver Creek's counsel provided the court with copies of executed consents and a chart listing the stockholders who had signed them.[13] After the plaintiffs' counsel argued that they were also entitled to review the materials,[14] I ordered Silver Creek to file copies of the consents on the docket.[15] The documents were filed on January 30.[16]

On February 6, the plaintiffs filed a letter arguing that the information provided by Silver Creek was insufficient to moot this action.[17] They raised a series of perceived deficiencies, including that the consent was non-compliant with Section 211(b). On February 27, Silver Creek filed a letter stating that it believes the court is in receipt of all requested papers regarding the Company's action by written consent.[18] I deemed the matter under advisement at that time.

---

[13] Dkt. 28; *see also* Dkt. 27.

[14] *See* Dkts. 29, 30.

[15] Dkt. 32. I permitted Silver Creek to redact certain identifying information. *Id.*

[16] Dkt. 33.

[17] Dkt. 35.

[18] Dkt. 36.

## II.   ANALYSIS

"This court will grant a motion for judgment on the pleadings pursuant to Court of Chancery Rule 12(c) when there are no material issues of fact and the movant is entitled to judgment as a matter of law."[19]  Because both parties have relied on evidence outside the pleadings and had ample opportunity to present pertinent material, the plaintiffs' motion will be treated as one for summary judgment under Rule 56.[20]  The standard guiding my analysis is the same.[21]

Section 211(c) of the Delaware General Corporation Law provides that this court may summarily order a company to hold an annual meeting if it has failed to timely "hold the annual meeting or take action by written consent to elect directors in lieu of an annual meeting."[22]  "[A] prima facie case is made out pursuant to 8 *Del. C.* § 211 when (1) the petitioner is a stockholder, and (2) no meeting has been held for over thirteen months."[23]  There is no dispute that the plaintiffs are stockholders and that Silver Creek has not held an annual meeting for at least that

---

[19] *McMillan v. Intercargo Corp.*, 768 A.2d 492, 499 (Del. Ch. 2000).

[20] Ct. Ch. R. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]").

[21] *See* Ct. Ch. R. 56(c).

[22] 8 *Del. C.* § 211(c).

[23] *Opportunity P'rs, L.P. v. Transtech Serv. P'rs Inc.*, 2009 WL 997334, at *3 (Del. Ch. Apr. 14, 2009).

time period. Instead, Silver Creek asserts that this action is moot because directors were elected by written consent in lieu of a meeting pursuant to Section 211(b).[24]

Section 211(b) requires that "all of the directorships to which directors could be elected at an annual meeting held at the effective time of such action are vacant and are filled by such" non-unanimous written consent.[25] "To operate in lieu of an annual meeting, a non-unanimous written consent . . . must first remove all sitting directors and then fill the resulting vacancies. Stockholders cannot use a non-unanimous written consent to remove lawfully serving incumbent directors, and then elect successor directors, between annual meetings."[26]

Silver Creek's purported written consent contravenes these requirements. The Company "obtained consents from over 70% of its shareholders, but less than unanimous consent" such that "the prior Board was vacated and all directorships were filled by written consent."[27] The unsigned version of the stockholder consent filed with Silver Creek's response to the motion states that "all directors of the

---

[24] Def.'s Response ¶¶ 1, 11.

[25] 8 *Del. C.* § 211(b); *see also* Lewis S. Black, Esq. and Frederick H. Alexander, Esq., ANALYSIS OF THE 1997 AMENDMENTS TO THE DELAWARE GENERAL CORPORATION LAW, 313-314 (1997) ("[A]s amended, the statute provides that less-than-unanimous written consent electing directors in lieu of an annual meeting is permissible, but only if all the directorships to which directors could be elected at an annual meeting held at the effective time of the written consent are vacant and are filled by such action.").

[26] *Crown EMAK Partners, LLC v. Kurz*, 992 A.2d 377, 401 (Del. 2010).

[27] *Id.* ¶ 12.

[Company] have executed *conditional* resignations as directors effective immediately prior to the effective time of this action by consent."[28] The director resignations, in turn, were "contingent upon the effectiveness" of the stockholder written consent.[29]

Thus, the effectiveness of the consent and resignations is circular. The directorships that the consent sought to fill were not vacant when (and if) the consent became effective because the resignations were contingent on the effectiveness of the action by written consent. Instead of removing all sitting directors and then filling resulting vacancies, the consent would become effective after "the execution and delivery of conditional resignations of each of the directors of the [Company]."[30] The resignations would only ever be effective if the directors were immediately re-elected to their positions—making the resignations functionally meaningless.[31]

---

[28] Def.'s Response Ex. A (emphasis added).

[29] Pls.' Reply Ex. 4 at 7.

[30] Def.'s Response Ex. A at 5 (signature page).

[31] *Cf. Fair Value Invs., Inc. v. Roach*, C.A. No. 2020-0847-JTL, at 58-59 (Del. Ch. Jan. 21, 2022) (TRANSCRIPT) (finding that Section 211(b) was satisfied where a 92% stockholder acted by written consent to remove all incumbent directors and then to elect new directors).

The exception to holding an annual meeting in Section 211(b) is therefore unmet.[32] Silver Creek is non-compliant with its obligations under Section 211. Silver Creek must promptly hold an annual meeting of stockholders in accordance with the statute and its bylaws.

The plaintiffs further request that I order Silver Creek to issue notice of the meeting "with disclosures concerning the current status of the Company and its operations."[33] They also ask me to mandate that the meeting agenda include "a discussion at the annual meeting regarding the current business and operations of the Company and a question and answer session during which stockholders of the Company shall be permitted to ask questions of the Company's board of directors and management team."[34] This relief is denied.

Section 211(c) permits this court to "issue such orders as may be appropriate, including, without limitation, orders designating the time and place of such meeting, the record date or dates for determination of stockholders entitled to notice of the meeting and to vote thereat, and the form of notice of such

---

[32] The plaintiffs also argue that the information provided by Silver Creek presents discrepancies between the list of stockholders who executed the consents and the Company's stock list. *See* Dkt. 35. Given the technical issue with the consent outlined above, I need not reach these issues.

[33] Dkt. 13.

[34] *Id.*

meeting."[35]   The court can "specify the details and logistics, including the date, time and location of the election, the record date for the meeting and who may vote."[36]   But the statute makes no reference to the court detailing the form of disclosures accompanying a notice or the discussion format for an annual meeting. To the extent that I have discretion to do so, I decline to exercise it.

## III.   CONCLUSION

The plaintiffs' motion is granted in part.  There is no issue of material fact that Silver Creek has failed to timely hold an annual meeting.  The evidence proffered by the Company to suggest that it validly acted by written consent in lieu of a meeting is inconsistent with the requirements of Section 211(b) as a matter of law.  Silver Creek must therefore issue notice and hold an annual meeting of stockholders pursuant to Section 211.  The remaining relief sought in the motion is denied.  IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[35] 8 *Del. C.* § 211(c).

[36] *In re Hawk Sys., Inc.*, 2019 WL 4187452, at *9 (Del. Ch. Sept. 4, 2019), *aff'd sub nom. Spanakos v. Pate*, 237 A.3d 809 (Del. 2020).